UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ROBERTS,

        Plaintiff,                           Hon. Paul L. Maloney

v.                                         Case No. 1:13-cv-01241-PLM

SHERMETA, ADAMS & VON ALLMEN,
P.C., et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement (Dkt. 48), which was referred to the undersigned by the Honorable Paul L. Maloney for report and recommendation under 28 U.S.C. § 636(b)(1)(B). I conducted a hearing on this matter on February 10, 2015. For the following reasons, I recommend that the class be certified under Federal Rule of Civil Procedure 23(b)(3), and that the proposed settlement agreement be preliminarily approved pursuant to Rule 23(e).

This putative class action was brought November 12, 2013, by plaintiff Michael Roberts who received a form debt collection letter sent on defendant Shermeta, Adams & Von Allmen, P.C.'s letterhead. Plaintiff alleges that the letter violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e, 1962g, in making false statements regarding his consumer rights by: (1) failing to inform him that the debt collector would obtain and mail to him a verification of the debt if plaintiff notified the

debt collector in writing that any part of the debt was disputed; and (2) in failing to inform plaintiff that, upon written request, the debt collector would provide the name and address of the original creditor.  Plaintiff also alleged violations of the Michigan Collection Practices Act (MCPA), Mich. Comp. Laws §§ 445.251, *et seq.*, and the Michigan Occupational Code (MOC), Mich Comp. L. §§ 339.901, *et seq.*

The FDCPA prohibits the "use of any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The statute gives consumers the right to certain information, and it mandates that creditors convey this information within five days of the initial contact concerning the collection of the debt.  The information includes:  (1) the amount of debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that, unless the consumer disputes the validity of the debt within thirty days, the debt will be assumed valid; (4) a statement that, if the consumer provides written notice of dispute, the debt collector will obtain and provide by mail a verification of the debt; and (5) a statement that, upon written request, the debt collector will provide the name and address of the original creditor, if different from the current creditor.  15 U.S.C. § 1692g(a)(1)-(5).

Under the FDCPA, damages are limited to those provided by statute, absent proof of actual loss exceeding those amounts.  15 U.S.C. § 1692k(a).  The FDCPA provides for statutory damages in an action by an individual of up to $1,000.00.  15 U.S.C. § 1692k(a)(2)(A).  Statutory damages in a class action are limited to the lesser of one percent of the defendant's net worth or $500,000.00.  15 U.S.C. § 1692k(a)(2))B).

The factors the Court is to consider in awarding the amount of liability in a class action include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, the number of persons adversely affected, and the extent to which the debt collector's noncompliance was intentional." 15 U.S.C. § 1692k(b)(2). A debt collector is not be liable if, by preponderant evidence, the debt collector shows that "the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1962k(c).

The MOC and MCPA each prohibit the making of inaccurate, misleading, untrue or deceptive statements or claims with respect to a communication to collect a debt. MICH. COMP. LAWS §§ 339.915(e), 445.252(e). For each, statutory damages are limited to $50.00, unless the violation is found to be willful in which case the court may triple the amount. MICH. COMP. LAWS §§ 339.916(2), 445.257(2).

### Class Definition and Terms of Proposed Settlement

The parties have proposed that the Court certify a settlement class comprising 8,589 persons in the State of Michigan who received from defendants, during the period November 13, 2007, through January 13, 2015, the same form debt collection letter attached as Exhibit A to the Complaint. (Complaint, Dkt. 1, Page ID 19). The parties have stipulated to the appointment of plaintiff Michael Roberts as class representative and his attorney, Phillip C. Rogers, as class counsel.

Under the proposed settlement agreement, defendants agree to change the form of the debt collection letter they will use in the future; they agree to pay plaintiff Michael Roberts $1,000.00 in statutory damages; and they agree to pay $231,903.00 into a class settlement fund to cover payments to class members, as well as costs and attorney's fees.  That settlement fund affords each of the 8,589 class members $27.00 in statutory damages prior to deductions for fees and costs.  Twenty-five percent of the settlement fund ($57,975.25) is intended to be used for costs and fees for class counsel. Each class member's share of the settlement fund is to be reduced equally by the award of attorney's fees and costs.  Assuming, for example, that the Court approves an amount of costs and fees equal to twenty-five percent of the settlement fund, each class member's pro rata share would be reduced to $20.25.

Any portion of the settlement fund unclaimed by class members shall be used first to reimburse defendants up to $1,000.00 for the cost of mailing settlement checks. Any remaining funds will be paid to the National Consumer Law Center of Boston, Massachusetts, as a *cy pres* award.  Funds are to be considered unclaimed to the extent any settlement check is returned by the Post Office as undeliverable and with no forwarding address, a settlement check remains uncashed for at least sixty days after distribution, or funds otherwise remain after all distributions are made.

The parties propose that a class notice be sent by first-class mail to each class member at his or her last known residential address.  The notice is to be mailed within 45 days of the Court's preliminary approval of the settlement agreement.

## Discussion

This report and recommendation addresses two general issues: (1) whether the class action should be certified as proposed by the named parties; and (2) whether the Court should preliminarily approve the proposed class settlement. Within the second issue are several sub-issues, including the method by which absent class members are to be notified of the action and the proposed settlement, the fairness of the proposed payment to class members, the appointment of a class attorney, and the reasonableness of the fees sought by class counsel.

### 1.    Class Certification

Federal Rule of Civil Procedure 23 governs class certification. A class action may be maintained if two conditions are met. First, the suit must satisfy each of the four criteria set forth in Rule 23(a): (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Second, it must fit within one of the three categories described in Rule 23(b): (1) prosecuting separate actions would create a risk of inconsistent or varying adjudications or would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that relief is appropriate respecting the class as a whole; or (3) the court finds that the questions

of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

A "trial court has broad discretion in deciding whether to certify a class, but that discretion must be exercised within the framework of Rule 23." *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Indeed, "[a] party seeking class certification must affirmatively demonstrate his compliance with the Rule – that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* A class may be certified only if "the trial court is satisfied, after rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.*

### A. Numerosity

While "[t]here is no strict numerical test for determining impracticality of joinder," a named plaintiff must demonstrate that there exists a "substantial" number of potential class members. *In re Am. Med. Sys., Inc.*, 75 F.3d at 1079. Moreover, the "'impracticality of joinder must be positively shown, and cannot be speculative.'" *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005) (quoting *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D. Ohio 2001)); *see also* 7A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1762 at 177-84 (3d ed. 2005) (observing that the party seeking class certification

"bear[s] the burden of showing impracticability and mere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)").

In this case, the definition of the proposed class appears to be based on objective, readily ascertainable criteria that will enable the Court to readily determine whether an individual is a class member. It includes only those individuals who received the same form debt collection letter as did plaintiff Roberts, and the time frame is limited to November 13, 2007, through January 13, 2015.

The class is specifically defined to include 8,589 members. I find that the putative class is sufficiently numerous that joinder is impracticable. FED. R. CIV. P. 23(a)(1); *cf. Collins v. Olin Corp.*, 248 F.R.D. 95, 101 (D. Conn. 2008) ("courts generally have found a class consisting of 40 or more members to be sufficient" (citations omitted)).

## B.   Commonality and Typicality

To satisfy the commonality requirement, plaintiffs must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality does not require that all class members share identical claims and facts. *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988). Rather, to satisfy Rule 23(a)(2), plaintiffs seeking class certification must demonstrate the existence of at least "a single issue common to all members of the class." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1080. Commonality also requires that class members suffered the same injury, and not just a violation of the same law. *Wal-Mart*, 131 S. Ct. at 2551. "'Their claims must depend upon a common contention . . . of such a nature that it is capable

of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 852 (6th Cir. 2013) (quoting *Wal-Mart*, 131 S. Ct. at 2551). A common question satisfies this test only if it advances the litigation. *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998).

The typically requirement under Rule 23(a)(3) simply means that "there are other members of the class who have the same or similar grievances as the plaintiff." *Alpern v. UtiliCorp United, Inc.*, 84 F.3d 1525, 1540 (8th Cir. 1996). "A claim is typical if 'it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" *Beattie v. Century Tel. Inc.*, 511 F.3d 554, 561 (6th Cir. 2007) (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d at 1082). The inquiry is "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Id.* (internal quotation marks omitted). Typicality does not exist "when a plaintiff can prove his own claim but not necessarily have proved anybody's [sic] else's claim." *Id.* (internal quotation marks omitted). The commonality and typicality inquiries "tend to merge" because they "serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the plaintiff's claim and the class claims are so interrelated that the interests of the class

members will be fairly and adequately protected in their absence." *Wal-Mart*, 131 S. Ct. at 2551 n.5.

In this case, plaintiff alleges three factual issues that would be common to all 8,589 persons who received the same form debt collection letter from defendants, a copy of which is appended to the complaint as Exhibit A (Dkt. 1-1, Page ID 19). These include whether the letter violated applicable law by: (1) failing to disclose the name of the creditor to whom the debt is owed; (2) failing to state that the recipient's request for verification of the debt must be made in writing; and (3) failing to state that the recipient's request for the name and address of the original creditor must be made in writing. Inasmuch as the putative class members each received the same form letter, with the same language, these questions of fact, and the legal issues relating to them, are common to all.

Moreover, it is evident that plaintiff's claims arise from the same practice or course of conduct that would give rise to the claims of the other putative class members. Under these circumstances, maintenance of a class action would be economical and it would fairly protect the interests of the class members.

### C.   Adequacy of Representation

Rule 23(a)(4) permits class certification if "the representative parties will fairly and adequately protect the interests of the class." The Sixth Circuit established two criteria for determining adequacy of representation: (1) the representatives must have common interests with the unnamed members of the class; and (2) it must appear that the representatives will vigorously prosecute the interests of the class through

qualified counsel. *In re Dry Max Pampers Litig.*, 724 F.3d 713, 721 (6th Cir. 2013). "The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent. A class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

There appears to be no conflict of interest between plaintiff and the other putative class members. It also appears from the record that plaintiff has vigorously prosecuted this case through his counsel. The complaint was filed on November 12, 2013. Plaintiff filed a motion to certify the class on December 2, 2013 (Dkt. 5), and he filed an amended motion for class certification on March 14, 2014. (Dkt. 26). On January 29, 2014, plaintiff filed a motion for partial summary judgment, arguing that, as a matter of law, defendants violated the FDCPA, the MCPA, and the MOC. (Dkt. 16). This motion was supported by a 25-page brief, six exhibits, and an affidavit from plaintiff. (Dkt. 17, 19). On March 26, 2014, plaintiff filed a reply to defendants' opposition to his motion for summary judgment, and in the same brief, opposed defendants' cross-motion for summary judgment. (Dkt. 28).[1] Plaintiff consistently maintained his position regarding the common factual and legal issues identified above throughout the briefings on these motions.

---

[1]On January 16, 2015, the Court issued an order dismissing as moot the motions for class certification, as well as the pending dispositive motions, based on the parties' intent to settle this matter. (Order, Dkt. 50, Page ID 725).

Plaintiff's counsel, Phillip C. Rogers, has practiced as a consumer-rights litigator for nearly 24 years. (Rogers Decl. ¶ 3, Dkt. 47-1, Page ID 692). He has represented consumers in more than one thousand lawsuits in federal and state courts, involving claims under various consumer-protection statutes, including the FDCPA, the Truth in Lending Act, the Equal Credit Opportunity Act, the Fair Credit Reporting Act, the MCPA, and other consumer-protection statutes. (*Id.* ¶ 5, Page ID 692). Mr. Rogers has substantial experience handling class actions, having been appointed class counsel in eight class actions in federal court, as well as three in state court. (*Id.* ¶¶ 6, 7, Page ID 692-93).

Mr. Rogers has been working on this case since October 2013. (Pltf's. Submission Re. Attorney Fees at 3, Dkt. 52, Page ID 729). He has expended approximately 150 hours working on this case. (*Id.*). Mr. Rogers has the resources to represent the class; he is willing to advance the costs of the class action; and he has no apparent conflicts of interest or other basis to disqualify him from serving as class counsel. (Rogers Decl. ¶¶ 8-10, Page ID 693).

Rule 23(g)(1)(A) provides that, in assessing the qualifications of class counsel, the Court is to consider: (1) the work counsel has done in identifying or investigating potential claims; (2) his experience handling class actions; (3) his knowledge of the applicable law; and (4) the resources he will commit to representing the class. Rule 23(g)(4) provides that class counsel must be able to "fairly and adequately represent the interests of the class."

Mr. Rogers is well qualified and capable of representing the class in this litigation. Having met the requirements of Rules 23(g)(1) and 23(g)(4), he satisfies the standards for appointment. *See* FED. R. CIV. P. 23(g)(2). Accordingly, I recommend that the order certifying the class include the appointment of Mr. Rogers to represent the class in accordance with Rule 23(c)(1)(B).

### D.    Rule 23(b)(3) – Predominance and Superiority

Rule 23(b)(3) requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."   In analyzing these requirements the Court is to consider a number of factors:   (1) "the class members' interests in individually controlling the prosecution or defense of separate actions"; (2) "the extent and nature of any litigation concerning the controversy already begun by or against class members"; (3) "the desirability . . . of concentrating the litigation of the claims in the particular forum"; and (4) "the likely difficulties of managing the class action."  FED. R. CIV. P. 23(b)(3).

These factors all weigh in favor of class certification in this case.  There appears to have been just one putative class member, other than plaintiff Roberts, who has filed suit concerning the claims raised in this action, and that matter has been settled.  *See George Zainea v. Shermeta, Adams & Von Allmen, P.C., et al.*, No. 14-11493 (E.D.

Mich.).[2]  As defined, the class members are limited to the State of Michigan, which suggests that this is an appropriate forum to litigate the pending claims.  There are no apparent difficulties regarding the maintenance of a class action in this case.

The Rule 23(b)(3) inquiry focuses on "common questions that can be proved through evidence common to the class."  *In re Whirlpool*, 722 F.3d at 858 (citing *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1195-96 (2013)).  Given the nature of the claims, the common issues predominate over the individual ones.  *In re Am. Med. Sys., Inc.*, 75 F.3d at 1084.

### 2.    Proposed Class Settlement

Rule 23(e) of the Federal Rules of Civil Procedure provides that the claims and defenses of a certified class action may be settled only with the Court's approval.  The rule requires that the Court direct notice "in a reasonable manner" to all class members who would be bound by the proposal.  After class members have been given notice and opportunity to lodge objections, the Court must conduct a hearing on the fairness of the proposed settlement.  Consequently, the task before the Court at present is to review the proposed settlement for fairness in a preliminary fashion, cognizant that final review must await the notice and objection process.

---

[2]On May 18, 2014, Mr. Zainea filed a motion to intervene in this case. (Dkt. 33).  His case in the Eastern District of Michigan was transferred to this District on August 6, 2014.  *Zainea v. Shermeta, Adams & Von Allmen, P.C., et al.,* No. 1:14-cv-836 (W.D. Mich.) (Dkt. 19).  His case was dismissed as a result of a settlement between the parties.  (Dkt. 26, 28).

### A.    Method of Notice

Rule 23(e)(1) requires that the court "direct notice in a reasonable manner to all class members who would be bound by the proposal." As a matter of procedural due process, personal notice to absent class members is required, and is not merely discretionary, when the identities of class members are known. *See Eisen v. Carlisle & Jaquelin*, 417 U.S. 156, 173-74 (1974). Publication notice will not satisfy due process when names and addresses are known. *Id.* at 174. Neither Rule 23 nor due process, however, requires actual notice to each party intended to be bound by the adjudication of a class action. *See Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008). Rather, notice must be reasonably calculated to reach interested parties. *Id.*

The parties propose that notice be sent to class members by first-class mail to the member's last-known address. This meets the requirements of Rule 23(c)(2) and due process. *See, e.g., Wallace v. Powell*, 301 F.R.D. 144, 159 (M.D. Pa. 2014) (first-class mail and publication met requirements of due process and Rule 23(c)(2) (citing *Zimmer Paper Prods., Inc. v. Berger & Montague, P.C.*, 758 F.2d 86, 90 (3d Cir. 1985)).

### B.    Fairness of Settlement Payment

The FDCPA contemplates both individual and class actions for damages arising from the Act's substantive provisions. A consumer, or class of consumers, may seek actual damages as a result of a violation of the Act. 15 U.S.C. § 1692k(a). The recovery of actual damages under this provision generally requires proof of some detrimental reliance. *See Shoup v. McCurdy & Candler, LLC*, 465 F. App'x 882, 885 (11th Cir. 2012) (citing *Muha v. Encore Receivable Mgmt., Inc.*, 558 F.3d 623, 629 (7th Cir. 2009)).

"[A]ctual damages . . . are intended to 'compensate [plaintiff] for out of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from failure to comply with the FDCPA.'" *Crum v. United Fin. Services LLC*, No. 14-cv-148, 2014 WL 5500666, at *2 (W.D.N.Y. Oct. 30, 2014) (quoting *Mira v. Maximum Recovery Solutions, Inc.*, No. cv 11-1009, 2012 WL 4511623, at *3 (E.D.N.Y. Aug. 31, 2012), *Report and Recommendation adopted*, 2012 WL 4581590 (E.D.N.Y. Sept. 29, 2012)). There was no detrimental reliance in this case; nor, apparently, any actual damages.

The FDCPA provides for statutory damages in an action by an individual of up to $1,000.00. 15 U.S.C. § 1692k(a)(2)(A). Statutory damages in a class action are limited to the lesser of one percent of the defendant's net worth or $500,000.00. 15 U.S.C. § 1692k(a)(2)B).

The settlement agreement contemplates a payment to each of the 8,589 class members of $20.25, which reflects the 25 percent reduction from the settlement fund to accommodate the award for attorney fees and costs. Without the fees and costs, the pro rata share for each class member would be $27.00. The settlement amount for each class member is about half of the $50.00 statutory cap under the MOC and the MCPA, assuming the violation is not willful. MICH. COMP. LAWS §§ 339.916(2), 445.257(2).

Given the facts and circumstances of this case, I find nothing unfair about the proposed settlement amount. Moreover, the class plaintiffs have good reason to compromise their claims. In light of the issues raised in defendants' cross-motion for summary judgment (Dkt. 25), a favorable outcome for plaintiffs is not guaranteed.

That the named plaintiff will receive an amount equal to the statutory cap for an individual cause of action ($1,000.00) does not seem unfair, given his role as the sole named plaintiff since November 2013.

While the Sixth Circuit has not explicitly approved the use of incentive awards for class representatives, it has recognized that it may be appropriate in certain common fund cases. *See Hadix v. Johnson*, 322 F.3d 895, 897-99 (6th Cir. 2003); *see also id.* at 898 (citing district court decisions approving incentive awards). "Incentive awards are typically awards to class representatives for their often extensive involvement with a lawsuit." *Id.*; *see Lonardo v. Travelers Indem. Co.*, 706 F. Supp.2d 766, 787 (N.D. Ohio 2010) ("[I]n common fund cases and where the settlement agreement provides for incentive awards, class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled to by virtue of class membership alone.").

### C.    Attorney's Fees

The FDCPA is a fee-shifting statute, which entitles a successful consumer to an award of reasonable costs and attorneys fees.  15 U.S.C. § 1692k(a)(3).  Plaintiff's counsel, Mr. Rogers, is seeking an award of fees equal to twenty-five percent of the class settlement fund, which would result in a payment of $57,975.75.  In other words, Mr. Rogers is seeking a fee award under the "percentage of recovery" theory, instead of a computation of a "lodestar" (reasonable hourly rate times reasonable number of hours worked), the latter of which is contemplated in the FDCPA.  *See Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009).  "We must indulge a

'strong presumption' that the lodestar 'represents a "reasonable" fee.'" *Id.* (quoting *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986)); *see Wells v. Corporate Accounts Receivable*, 683 F. Supp.2d 600, 601 (W.D. Mich. 2010). "[A]ttorneys who create a common fund from which members of a class are compensated are entitled to "a reasonable fee – set by the court – to be taken from the fund." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000) (internal citation omitted).

Courts have discretion to select the most appropriate method, taking into consideration "the unique characteristics of class actions in general, and of the unique circumstances of the actual cases before them." *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved." *Id.* Even when using the lodestar method, the Court may "cross-check" the reasonableness of the result by resort to the common fund method. *See Van Horn v. Nationwide Property & Cas. Ins. Co.*, 436 F. App'x 496, 501 (6th Cir. 2011); *Sullivan v. DB Investments, Inc.*, 667 F.3d 273, 330 (3d Cir. 2011). At least some courts have expressed a preference for the percentage of recovery approach, noting that, "it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'" *Sullivan*, 667 F.3d at 330 (quoting *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005)).

Mr. Rogers has submitted time records indicating that he has expended 149.1 hours on this case since October 2013, when he was retained by plaintiff Roberts for

the purpose of filing a class action lawsuit. (Pltf's. Submission Re. Attorney Fees at 3, Dkt. 52, Page ID 729). Mr. Rogers anticipates expending approximately twenty more hours on this case, which would result in a total number of billable hours of approximately 170. (*Id.* at 26, Page ID 752). Mr. Rogers has provided an itemized listing of the time spent on this case. (*Id.* at 13-25, Page ID 739-51). Based on a review of these records, I find that the time Mr. Rogers expended on litigating this case is reasonable.

Mr. Rogers claims an hourly rate of $400.00. This rate seems a bit high, even for an attorney of his experience and expertise. Counsel cites to the 2014 State Bar of Michigan Economics of Law Practice Survey, which lists the $400.00 hourly rate in the seventy-fifth percentile in the area of "Consumer Law." (*Id.* at 6, Page ID 732 (a copy of which is attached at Page ID 753-61)). But the rates in that publication simply reflect what attorneys report (*see* Page ID 753), not necessarily what attorneys are actually charging clients – or more importantly, what clients are paying.

Plaintiff's counsel also cites to previous decisions in which judges of this District have approved, as reasonable, hourly rates for him of $300.00. *See Moore v. Cycon Enterprises, Inc.*, No. 1:04-cv-800, 2007 WL 2320051, at *3 (W.D. Mich. Aug. 10, 2007) (Judge Quist approving $300.00 hourly rate for Mr. Rogers in a Truth in Lending Act case); *Haarsma v. Palisades Collection, L.L.C.*, No. 1:07-cv-435 (W.D. Mich. May 27, 2009) (Magistrate Judge Greeley approving $300.00 hourly rate for Mr. Rogers in an FDCPA case); *see also Streamline Packaging Sys., Inc. v. Vinton Packaging Group, Inc.*, No. 1:06-cv-701, 2008 WL 227851, at *3 (W.D. Mich. Jan. 25, 2008) (Chief Judge

Maloney finding $390.00 a reasonable hourly rate in a complex trades secrets case for an attorney with "considerable experience in complex commercial litigation including trade secrets"). While it is reasonable for Mr. Rogers to expect some increase in his hourly rate, a hundred-dollar an hour raise in five years is not justified, particularly given the significant economic downturn during that time period.

It is unnecessary, however, for the Court to make a specific determination of the appropriate hourly rate to be assessed in this case. Mr. Rogers is seeking twenty-five percent of the common settlement fund. This Court has approved, as reasonable, such percentage of recovery awards. *See Kinder v. Northwestern Bank*, No. 1:10-cv-405, 2012 WL 2886688, at *8 (W.D. Mich. June 5, 2012) (recommending a reduction in the attorney fee request to $50,000.00, representing 25 percent of the common settlement fund in an Electronic Fund Transfer Act case), *Report and Recommendation adopted*, 2012 WL 2886701 (W.D. Mich. July 13, 2012) (Chief Judge Maloney).

Using the lodestar method in this case, even using a significantly reduced hourly rate, would result in a similar recovery. Assuming, for example, a $300.00 hourly rate and a total of 170 billable hours, the fee award would be $51,000.00, or $6,975.25 less than the amount sought here. An increase in the hourly rate to $325.00 would result in an award of $55,250.00. These lodestar calculations corroborate the reasonableness of Mr. Roger's fee request.

In summary, I conclude that the fee application in this case is based on a facially reasonable claim for hours expended. While a $400.00 an hour rate is somewhat high, a twenty-five percent award under the common fund approach is reasonable and

equitable.  Accordingly, I recommend that the Court preliminarily approve a twenty-five percent recovery, or $57,975.75, for counsel, subject to final approval after the objection period has closed.

## Recommended Disposition

I recommend that the proposed settlement be preliminarily approved pursuant to Federal Rule of Civil Procedure 23(e).  I recommend approval of the parties' proposed Notice of Class Action Settlement and Preliminary Order of Approval (*see* Dkt. 48-2, Page ID 714-17).  The court should also establish a date for filing objections and a date for the Fairness Hearing.

Respectfully submitted,

Date:  February 23, 2015

    /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Branch*, 537 F,3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).